Chancellor JVaties
1 think the claim too stale a one to be open to enquiry. The judgment and sale which are complained-of, took place nearly thirty years ago, and every presumption ought now to be made in favor of the fairness and honesty of both. It is not pretended that the evidence of the alleged fraud has only recentlj come within the knowledge and reach of the complainants; and it cannot be doubted that the possession of the land by the defendants under the sheriff’s gale, Ins *271 been an adversed one-, for they have held under that sale, and it is stated in the bill that the grandmother had procured this, for the purpose of depriving the complainants of their right. It is a case then clearly within the statute, and independently o£ that, 1 should say that the great length of time ought to be conclusive, however well founded the claim may originally have .been. In Deloraine vs. Brown, 3 Bro. C. C. 633, which was a case of gross fraud, the court on the ground of great length of time, refused an account against persons claiming under the fraudulent party; and in the case of Keith vs. Campbell, decided in the court of appeals, although an error in an account .was proved and the discovery of it was recent, yet a lapse of only fifteen years was held a sufficient bar to opening the settlement. The rule has been so settled in numerous other cases, and is founded on the policy of protecting persons against the mischiefs to which they might be exposed by the death of witnesses and! the loss of documents, if required to defend their rights at any indefinite time against antiquated claims. It is therefore ordered and decreed that the bill be dismissed.
Williams and Rogers, for appellants.
A. W. Thompson, contra.
The complainants appealed, and contended that there was no sight of action in complainants until the death of their grandmother in IS 19, who had a life estate in the land by their father’s will, and consequently no adverse possession in the grandmother or her alienee.
Decree affirmed by the whole court.